## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID SCHNEIDER & FRANCES SCHNEIDER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARNOLD SCOTT HARRIS, P.C., ) <br> Serve agent:  MS Registered Agent Services ) <br> 191 N. Wacker Dr, Suite 1800 ) <br> Chicago, IL 60606 ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: _____ <br><br><br><br><br><br><br><br><br> )TRIAL BY JURY DEMANDED |

### COMPLAINT

COME NOW Plaintiffs, David Schneider and Frances Schneider, by and through their undersigned attorney, and for their Complaint state as follows:

### JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and the invasions of the Plaintiffs' personal privacy.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiffs, David and Frances Schneider, are adult individuals residing in Chicago, Illinois and are "persons" defined by 47 U.S.C. § 153(39).

1

4. The Defendant, Arnold Scott Harris, P.C. ("Harris") is an Illinois Business Entity with an agent address of 191 N. Wacker Dr., Ste 1800, Chicago Illinois 60606, and is a "person" defined by 47 U.S.C. § 153(39).

## FACTS

5. Beginning in and around November 2014, immediately after the Plaintiffs received new telephone service from AT&T, Harris placed calls to Plaintiffs' residential telephone.

6. At all times mentioned herein, Harris called Plaintiffs using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or pre-recorded voice.

7. When Plaintiffs answered the ATDS calls from Harris, they would hear a pre-recorded message which requested to speak with a "Brendon Johnson."

8. Plaintiffs are not "Brendon Johnson" nor do Plaintiffs know or have any relationship with a "Brendon Johnson."

9. The pre-recorded messages do not contain an interactive opt-out mechanism such that Plaintiffs could notify Harris to cease such calls to their number. The pre-recorded messages also do not contain an interactive option to speak to a real person. Rather, the messages contain a phone number which must be written down and dialed by Plaintiffs.

10. On January 31, 2015, Plaintiff David Schneider called Harris, and stated he did not know anyone by the name of "Brendon Johnson" and demanded that the calls to his residential phone cease. Subsequently, Plaintiffs called and made additional requests to Harris to cease all calls to their residential telephone, none of which were heeded or honored by Harris.

2

11. On July 10, 2015, Plaintiffs filed a complaint with the Federal Communications Commission (FCC) regarding Harris' conduct.

12. Regardless of Plaintiffs' repeated requests, Harris continues to this date to place calls to Plaintiffs' residential telephone, including on Saturdays and Sundays. Harris employs multiple phone numbers and multiple business names to bypass Plaintiffs' attempt to block Harris' unsolicited calls.

13. Harris uses the following business names to disguise their telephone harassment:

- Arnold Scott Harris, PC
- A. Harris PC
- Harris & Harris PC
- Diversified Consultants
- Southwest Credit Systems
- Quick Collect
- LaSalle Attorneys, Charted
- Affiliated Legal Services PC
- Creditor's Legal Services PC
- Chicago Law Group
- Harris & Levin, Ltd
- Allen E. Levin & Assoc, PC
- Bilco Credit Services, Inc.
- Business Credit Services, Inc.
- Harris and Harris of Illinois, Ltd.

14. Plaintiffs did not provide Harris prior express consent to call them on their residential phone for "Brendon Johnson."

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

15. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

3

16. At all times mentioned herein and within the last year, Harris called Plaintiffs on their residential telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17. In expanding on the prohibitions of the TCPA, the FCC defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and an [representative] will be available to take the call…" 2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

18. Defendant's telephone systems all have the earmarks of a predictive dialer. Often times when Plaintiffs answered Harris' calls, they were met with a pre-recorded message.

19. Upon information and belief, Harris' predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Plaintiffs did not provide and/or revoked their consent to be contacted on their residential telephone, and in fact instructed Harris on multiple occasions to stop all calls to them and cease calling their residential telephone.

21. Furthermore, the pre-recorded messages utilized by Harris did not contain interactive opt-out mechanisms as required by the TCPA's implementing regulations.

22. Harris continued to place automated calls to Plaintiffs' residential telephone after being advised multiple times by Plaintiffs that they were calling the wrong telephone number and

4

knowing there was no consent to continue the calls. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

23. The calls from Harris to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i)

24. Each of the aforementioned calls made by Harris constitutes a violation of the TCPA.

25. As a result of each call made in negligent violation of the TCPA, Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs David and Frances Schneider respectfully pray that judgment be awarded in the Plaintiffs' favor and against the Defendant as follows:

27. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

28. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. 227(b)(3)(C);

29. Actual damages from the Defendant for all the damages including emotional distress suffered as a result of the intentional, reckless and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

30. Punitive damages; and

31. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: July **27**, 2015

Respectfully submitted,

**CANTOR & BURGER, LLC**

/s/ Gary K. Burger
Gary K. Burger, Jr. #6212156
12283 Olive Boulevard
St. Louis, MO 63141
(314) 542-9999
(314) 434-4459 Facsimile
Gary@cantorburger.com
*Attorney for Plaintiff*